■ STANLEY YALKOWSKY, Appellant, v BENJAMIN SHEDLER et al., Respondents. — Order, Supreme Court, New York County (H. I. Altman, J.), entered September 30, 1982 granting the motions of certain defendants to dismiss the complaint, is unanimously modified, on the law, to the extent of stating that said dismissals are for failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7) and the order is otherwise affirmed, without costs. Order, Supreme Court, New York County (Galligan, J.), entered December 14, 1982 granting defendant Shedler's cross motion for summary judgment dismissing the complaint, is unanimously modified, on the law, to the extent that the third decretal paragraph of the order is vacated and the motion for summary judgment is denied, and the complaint is dismissed as against said defendant for failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7) and the order is otherwise affirmed, without costs. The factual gravamen of this 70-page, 336-paragraph complaint appears to consist largely, if not entirely, of allegations of perjury and subornation of perjury in prior or still-pending judicial proceedings. Such allegations do not form the basis of a civil action for damages. (*Newin Corp. v Hartford Acc. & Ind. Co.*, 37 NY2d 211, 217.) Nor does this case fall within the exception "where the perjury is merely a means to the accomplishment of a larger fraudulent scheme" (p 217). In the present case the purpose of the claimed perjury was to obtain a favorable ruling from the court on the issue to which the allegedly perjured evidence was addressed. Thus the rule applies that " '[i]f the total objective of the scheme was the determined issue, then there is a bar' " (p 218). The false testimony is "the sole moving factor in the cause of action." (*Verplanck v Van Buren,* 76 NY 247, 261.) There is however an ambiguity in Justice Altman's order of September 30, 1982 in that it recites motions to dismiss on various grounds and then decrees that the motions to dismiss are granted without specifying the grounds, and this has led to some argument in the briefs. It is clear from Justice Altman's memorandum opinion that the dismissals were upon the ground of failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7). As to the second order appealed from, Justice Galligan's order entered December 14, 1982, that order provides that defendant Shedler is granted summary judgment for the reasons stated in Justice Altman's decision. This

was erroneous in that (a) Justice Altman did not grant summary judgment, and (b) defendant Shedler's papers in support of his cross application for summary judgment do not include an affidavit "by a person having knowledge of the facts". (CPLR 3212, subd [b].) However, as we have said, the complaint does fail to state a cause of action. Concur — Kupferman, J. P., Asch, Silverman and Kassal, JJ.