■ ARYA'S COLLECTION, INC., Appellant, v BRINK'S GLOBAL SERVICES, USA, INC., Respondent. [888 NYS2d 57]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 15, 2008, which, in an action for breach of a contract to transport plaintiff's jewelry, granted defendant's motion to dismiss the complaint on the basis of a forum selection clause, unanimously affirmed, without costs.

The documentary evidence conclusively demonstrates that the show receipts claimed by defendant to constitute the parties' only agreement relating to the subject shipment contained a forum selection clause (*see Tatko Stone Prods., Inc. v Davis-Giovinzazzo Constr. Co., Inc.*, 65 AD3d 778, 779-780 [2009]). Defendant showed that the clause was reasonably communicated to plaintiff and mandatory for all claims arising from the shipment of the jewelry; in response, plaintiff failed to rebut the presumption of enforceability by showing that enforcement would be unreasonable, unjust or invalid (*see Altvater Gessler-J.A. Baczewski Intl. [USA] Inc. v Sobieski Destylarnia S.A.*, 572 F3d 86, 89 [2d Cir 2009]), where plaintiff's employee who actually signed and accepted the show receipts offered no evidence bearing on his awareness of the forum selection clause on the back of the receipts. The document claimed by plaintiff to constitute a second agreement governing the return shipment is nothing more than an acknowledgment by plaintiff of the delivery of the outbound shipment. Concur—Gonzalez, P.J., Saxe, McGuire, Acosta and Roman, JJ. **[Prior Case History: 2008 NY Slip Op 32818(U).]**