■ SONYA WHITTEN LATIMORE, Appellant, v KIM E. FULLER et al., Defendants, and ELMA KIM, Respondent. [8 NYS3d 276]—

Appeal from order, Supreme Court, New York County (Donna M. Mills, J.), entered April 8, 2013, which, inter alia, granted defendant Elma Kim's motion to dismiss the complaint as against her, and denied plaintiff's motion for jurisdictional discovery, deemed appeal from judgment, same court and Justice, entered May 17, 2013, dismissing the complaint as against said defendant (CPLR 5520 [c]), and, so considered, said judgment unanimously affirmed, with costs.

Plaintiff neither established that New York courts may exercise jurisdiction over defendant Kim nor made a sufficient start to warrant jurisdictional discovery, since she failed to show that the few contacts Kim had with New York are substantially related to plaintiff's claims (*see* CPLR 302 [a] [1]; *Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]).

The complaint fails to state a cause of action for fraud since it alleges only that Kim submitted a perjurious affidavit concerning misappropriation of plaintiff's idea for a television series in plaintiff's prior federal action. Allegations of perjury committed in judicial proceedings do not form the basis of plenary civil actions for damages "except[ ] 'where the perjury is merely a means to the accomplishment of a larger fraudulent scheme' " (*Yalkowsky v Shedler*, 94 AD2d 684, 684 [1st Dept 1983], *lv dismissed in part, lv denied in part* 60 NY2d 700 [1983], quoting *Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211, 217 [1975]). The aiding and abetting fraud cause of action, which alleges vaguely that Kim helped other defendants "hide the ill gotten gains," is not pleaded with the requisite particularity (*see* CPLR 3016 [b]; *Friedman v Anderson*, 23 AD3d 163, 166 [1st Dept 2005]). Concur—Sweeny, J.P., Renwick, Andrias, DeGrasse and Gische, JJ.