Bulbin v O'Carroll (2019 NY Slip Op 04674)





Bulbin v O'Carroll


2019 NY Slip Op 04674


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-06048
 (Index No. 605980/15)

[*1]Claudine Bulbin, respondent,
v
Michael O'Carroll, et al., appellants.


Vincent D. McNamara, East Norwich, NY, for appellant Maryanne Esteves, Michael O'Carroll, Setauket, NY, appellant pro se, and Stephanie Sansivero, Farmingdale, NY, appellant pro se (one brief filed).
Michelle S. Russo, P.C., Port Washington, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the defendants appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered May 5, 2016. The order denied the defendants' renewed motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' renewed motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff, the daughter of Leslie B. Tenzer (hereinafter the decedent) and the administrator of the decedent's estate, previously brought a proceeding against Lenore Dowis for the turnover of certain property belonging to the estate. The resulting decree of the Surrogate's Court directed Dowis to transfer the subject property to the decedent's estate. On appeal, this Court affirmed the finding of the Surrogate's Court that the signatures on a deed to real property and certain other documents were not genuine signatures of the decedent (see Matter of Tenzer, 144 AD3d 1044).
While that appeal was pending, the plaintiff commenced this action against the witnesses for Dowis in the turnover proceeding, alleging fraudulent conspiracy to convert property from the decedent's estate. The plaintiff alleged, inter alia, that the defendants conspired to provide, and did provide, intentionally false testimony that they witnessed the decedent sign the deed transferring real property to Dowis.
The defendants moved to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), and in an order entered January 20, 2016, the Supreme Court denied the motion without prejudice to renew for failure to attach the pleadings to the motion papers. In an order entered May 5, 2016, the court denied the defendants' renewed motion. The defendants appeal.
We agree with the Supreme Court's determination denying that branch of the defendants' renewed motion which was to dismiss the complaint pursuant to CPLR 3211(a)(1). In support, the defendants submitted only excerpts of trial testimony from the prior proceeding and their individual affidavits, neither of which constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776; Attias v Costiera, 120 [*2]AD3d 1281). Documentary evidence must be unambiguous and of undisputed authenticity, such that the contents of the documents are essentially undeniable (see Matter of Anderson v Armentano, 139 AD3d 769, 770-771; Fontanetta v John Doe1, 73 AD3d 78). The evidence submitted also fails to utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Matter of Elberg, 164 AD3d 497).
However, the Supreme Court should have granted that branch of the defendants' renewed motion which was to dismiss the complaint pursuant to CPLR 3211(a)(7). Accepting the facts as alleged in the complaint to be true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87; Sokol v Leader, 74 AD3d 1180, 1181), the complaint fails to state a cause of action (see CPLR 3211[a][7]). The plaintiff's claims are premised upon the same allegations of forgery and conversion that were the subject of the turnover proceeding, which resulted in a determination in the plaintiff's favor. Allegations of perjury in the prior proceeding may not form the basis of a subsequent action for damages (see Joseph v Citibank, 271 AD2d 358). Since the total objective of the purported fraudulent scheme was encompassed by the issues determined in the prior proceeding, namely, the validity of the questioned documents and whether estate property was converted, the causes of action alleging conversion and fraud are barred (see Newin Corp. v Hartford Acc. & Indem. Co., 37 NY2d 211, 217-218; Yalkowsky v Shedler, 94 AD2d 684).
As the plaintiff's causes of action alleging conversion and fraud are barred, her cause of action to recover damages for conspiracy (see Dickinson v Igoni, 76 AD3d 943, 945) and her claim for punitive damages must also fail (see Serrante v Moses & Singer LLP, 137 AD3d 697).
The defendants' remaining contention is without merit.
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court