PC-16 Doe v Hill Regional Career High Sch. (2024 NY Slip Op 00225)

PC-16 Doe v Hill Regional Career High Sch.

2024 NY Slip Op 00225

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Webber, J.P., Scarpulla, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 950364/20 Appeal No. 1172 Case No. 2022-04637 

[*1]PC-16 Doe, Plaintiff-Respondent,
v
Hill Regional Career High School et al., Defendants-Appellants. New York Choral Society, Defendant.

Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka of counsel), for appellants.
Phillips & Paolicelli, LLP, New York (Ari Taub of counsel), for respondent.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered on or about September 19, 2022, which insofar as appealed from, denied defendants Hill Regional Career High School, Richard C. Lee High School (together, School), New Haven School District (NHSD) and New Haven Board of Education (NHBOE; together, defendants') motion to dismiss pursuant to CPLR 3211(a)(8) and CPLR 302 for lack of personal jurisdiction, unanimously affirmed, without costs.
On this pre-answer motion to dismiss, plaintiff has made a prima facie showing that defendants are subject to personal jurisdiction under CPLR 302(a)(1) which provides, as relevant, that a court may exercise personal jurisdiction over any nondomiciliary who in person or through an agent transacts any business within the state. The statute requires "[p]urposeful activities," i.e., "those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (Fischbarg v Doucet, 9 NY3d 375, 380 [2007] [internal quotation marks omitted]). The statute "does not require that the business in question be commercial in nature" (Edwardo v Roman Catholic Bishop of Providence, 579 F Supp 3d 456, 473 [SD NY 2022], affd 66 F4th 69 [2d Cir 2023] [internal quotation marks omitted]), and "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988]).
Plaintiff alleges that defendants authorized a trip  organized and led by their now-deceased employee, choir teacher and conductor Lee C. Dunkle  for students in defendant School's choir to come to New York in March 1984 for the purpose of performing alongside the NY Choral Society at Carnegie Hall. In their submissions to the motion court, moreover, defendants acknowledge there had been other "occasional field trip[s]" to New York (cf. Edwardo, 579 F Supp 3d at 475). We find the field trip at issue, to Carnegie Hall for the School choir performance, constituted "purposeful activity," in New York, namely, an "act by which [d]efendant purposefully avails itself of the privilege of conducting activities" here. We further find plaintiff adequately alleged facts to show a "substantial relationship between the transaction and the claim asserted" (Paterno v Laser Spine Inst., 24 NY3d 370, 376 [2014] [internal quotation marks omitted]), having alleged, "at minimum, a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former" (Matter of New York Asbestos Litig., 212 AD3d 584, 586 [1st Dept 2023] [internal quotation marks omitted]). Plaintiff alleged that Dunkle sexually assaulted him at Carnegie Hall in a room off the main stage[*2], before the show, on the very night of the choir's performance. Plaintiff's claims, e.g., that defendants failed to adequately train and supervise Dunkle, are, at the very least, "arguably connected" to defendants' New York activity: authorizing the Carnegie Hall trip itself (see Licci v Lebanese Can. Bank, SAL, 20 NY3d 327 [2012]). These allegations, moreover, distinguish this case from Edwardo, where the alleged sexual abuse "took place at a separate location and at a separate time from the alleged business transaction" (see Edwardo, 66 F4th at 76).
Defendants are not, however, subject to personal jurisdiction per CPLR 302(a)(2). The complaint does not show that defendants committed wrongdoing "while physically present in" New York, and instead alleges they committed wrongdoing (negligent supervision, breach of fiduciary duty, and related wrongdoing) from Connecticut (SOS Capital v Recycling Paper Partners of PA, LLC, 220 AD3d 25, 27 [1st Dept 2023]; cf. WCVAWCK- Doe v Boys & Girls Club of Greenwich, Inc., 216 AD3d 1 [2d Dept 2023]).
Finally, construing the facts alleged in the complaint as true and in a light most favorable to plaintiff, the exercise of long-arm jurisdiction over defendants per CPLR 302(a)(1) comports with due process, as it must (see LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 216-218 [2000]). For the reasons discussed, plaintiff adequately alleged that defendants' "minimum contacts" with New York, in the form of their purposeful availment of the privilege of conducting activities here, thus invoking the protections and benefits of New York's laws (see Rushaid v Pictet & Cie, 28 NY3d 316 [2016]). Under the circumstances here, requiring defendants to defend a suit here comports "with traditional notions of fair play and substantial justice" (LaMarca, 95 NY2d at 216 [internal quotation marks omitted]), and defendants "failed to present a compelling case that some other consideration[] would render jurisdiction unreasonable" (WCVAWCK Doe, 216 AD3d at 14 [internal quotation marks omitted]).
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024