Cosom v Mack Trucks, Inc. (2025 NY Slip Op 50025(U))

[*1]

Cosom v Mack Trucks, Inc.

2025 NY Slip Op 50025(U)

Decided on January 9, 2025

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 9, 2025
Supreme Court, Bronx County

John W. Cosom and JEANNETTE COSOM, Plaintiffs,

against
Mack Trucks, Inc., Defendant.

Index No. 27588/2019E

Ashlee Crawford, J.

Plaintiff John Cosom seeks to recover against defendant Mack Trucks, Inc. for injuries he allegedly sustained in New Jersey when the metal gripping handle plaintiff was using to enter the cab of a truck broke off, causing plaintiff to fall to the ground and sustain injuries to his back. Cosom asserts claims against defendant for negligence, strict product liability, breach of express and implied warranties, failure to warn, negligent manufacture, and negligent infliction of emotional distress. His spouse, plaintiff Jeannette Cosom, asserts a single claim for loss of consortium. 
Defendant filed an answer on August 1, 2019, denying, inter alia, that New York is its principal place of business, and asserting an affirmative defense of lack of personal jurisdiction (NYSCEF Doc. No. 23 [Answer] ¶¶ 3, 29). 
Defendant now moves to dismiss the complaint pursuant to CPLR § 3211(a)(8), arguing that it is not subject to general or specific jurisdiction in New York. Defendant contends that New York is not its principal place of business and it is not "at home" in New York, as required to support an exercise of general jurisdiction pursuant to Daimler AG v Bauman (571 US 117, 137 [2014]). As to specific jurisdiction, defendant cites the fact that plaintiff was injured in New Jersey in arguing that it did not commit a tortious act in New York giving rise to plaintiff's injuries (see CPLR 302[a][2]), and did not commit a tortious act outside New York that caused injury within the State (see CPLR 302[a][3]). Defendant, thus, urges that the Court's exercise of specific jurisdiction over it would not comport with due process.
Discussion
CPLR § 3211(a)(8) provides for dismissal of an action based on the court's lack of personal jurisdiction over the defendant. Once the moving party establishes, prima facie, the merit of a motion under this provision, the party asserting jurisdiction has the burden of presenting sufficient evidence, through affidavits and relevant documents, to demonstrate jurisdiction (Fischbarg v Doucet, 9 NY3d 375, 381 at n. 5 [2007]; Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60, 73-74 [1st Dept 2024]; Coast to Coast Energy, Inc. v Gasarch, 149 AD3d 485, 486 [1st Dept 2017]).
"New York courts have general jurisdiction over a corporate defendant when the defendant is incorporated or has its principal place of business in New York, or, in an 'exceptional case,' when its ties to New York are so continuous and systematic as to render it essentially 'at home' in New York" (KPP III CCT LLC v Douglas Dev. Corp., 222 AD3d 408 [1st Dept 2023], citing Aybar v Aybar, 37 NY3d 274, 289 [2021]; Cruz v City of New York, 210 AD3d 523, 524 [1st Dept 2022]).
Additionally, a "court may exercise specific personal jurisdiction over a nondomiciliary so long as two elements are satisfied: (1) the defendant must have conducted sufficient activities to have transacted business in the state and (2) the claims must arise from those transactions" (Matter of New York Asbestos Litigation, 212 AD3d 584, 586 [1st Dept 2023]). "The second step of the jurisdictional inquiry requires the existence of an articulable nexus or substantial relationship between the forum transaction and the claim asserted" (id.). "Although causation is not required, there must be at minimum, 'a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former'" (id. [citation omitted]). "In other words, jurisdiction will not be present 'where the relationship between the claim and transaction is too attenuated'" (id.).
In support of its motion, defendant submits an affirmation by Glenn Hinderliter, defendant's employee since 1983, currently working as the liaison between defendant's engineering and legal departments (NYSCEF Doc. 20 ¶ 1 [Hinderliter Affirm.]). Hinderliter affirms that defendant is incorporated in Pennsylvania and has a principal place of business in North Carolina (id. ¶ 4). Further, defendant's corporate headquarters are in Greensboro, North Carolina, its heavy-duty vehicle assembly plant is in Macungie, Pennsylvania, and its engine assembly plant is in Hagerstown, Maryland (id. ¶ 5). Hinderliter states that defendant does not own or lease any offices or land, or own any dealerships, factory branches or service centers, in New York (id. ¶ 6). Hinderliter further states that he accessed the build record for the truck in question, and that defendant assembled an incomplete vehicle (only a cab, chassis, and drive train) at its factory in Macungie, Pennsylvania, and shipped the vehicle to its independent dealer, H&H Mack Sales, Inc., in New Jersey, at which point the vehicle left its custody and control (id. ¶ 8; see also NYSCEF Doc. 25 [chassis base inquiry], Doc. 26 [notice to admit]).
In opposition, plaintiff contends that defendant's motion to dismiss is premature, since depositions have not been held and plaintiff has not yet had the opportunity to explore whether defendant had sufficient New York contacts to support personal jurisdiction. Plaintiff notes that he filed this case before the Court of Appeals decided Aybar v Aybar (supra [foreign corporation's registration to do business in New York constitutes consent to accept service of process, but not consent to general jurisdiction in New York]), and asks that the change in law not be held against him.
The Court finds that defendant has met its initial burden of establishing the Court's lack of general or specific jurisdiction over it. It is undisputed that defendant is incorporated in Pennsylvania and its headquarters are in North Carolina (NYSCEF Docs. 20, 34). In opposition, plaintiffs have not shown that defendant is domiciled in New York or otherwise is "at home" so as to confer general personal jurisdiction over defendant under CPLR 301 (Okoroafor v Emirates Airlines, 195 AD3d 540, 540-541 [1st Dept 2021], lv denied 37 NY3d 919 [2022]). With respect to specific long-arm jurisdiction under CPLR 302(a), plaintiffs have neither established jurisdiction in opposition, nor made a "sufficient start" in that regard (see Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60, 74 [1st Dept 2024]). They offer mere speculation that defendant has sufficient contacts within New York, and have not connected any New York-based act to the alleged defective door handle that caused plaintiff's injury in New Jersey. Therefore, under both New York's long-arm statute and the dictates of due process, the Court finds that it lacks personal jurisdiction over defendant.
Accordingly, it is hereby
ORDERED that defendant's motion to dismiss is GRANTED and this action is dismissed [*2]with prejudice; and it is further
ORDERED that defendant shall serve a copy of this order with notice of entry upon plaintiffs within 20 days of entry.
This constitutes the decision and order of the Court.
HON. ASHLEE CRAWFORD, A.J.S.C.
Dated: January 9, 2025
Bronx, New York