Zoey Paint Corp. v Boston Ship Repair, LLC (2025 NY Slip Op 51043(U))

[*1]

Zoey Paint Corp. v Boston Ship Repair, LLC

2025 NY Slip Op 51043(U)

Decided on June 25, 2025

Supreme Court, New York County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 25, 2025
Supreme Court, New York County

Zoey Paint Corp., Plaintiff,

against
Boston Ship Repair, LLC, Defendant.

Index No. 654214/2024

Ashlee Crawford, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 19, 20, 21 were read on this motion to/for DISMISSAL.
The following e-filed documents, listed by NYSCEF document number (Motion 002) 17, 18 were read on this motion to/for EXTEND - TIME.
The following e-filed documents, listed by NYSCEF document number (Motion 003) 22, 23, 24, 25, 26, 27, 28, 29 were read on this motion to/for EXTEND - TIME.
Upon the foregoing documents, it is
In this action, plaintiff Zoey Paint Corp. seeks to recover from defendant Boston Ship Repair, LLC for breach of a purchase order, account stated, and quantum meruit/unjust enrichment, arising out of certain ship repair services plaintiff provided to defendant. Defendant moves unopposed to dismiss the complaint pursuant to CPLR §§ 3211(a)(1) and (8), for lack of personal jurisdiction and upon documentary evidence establishing improper forum (motion seq. 001).[FN1]
Plaintiff separately moves pursuant to CPLR § 2004(a) for a nunc pro tunc extension of time to file opposition to defendant's motion to dismiss (motion seq. 003). 
Background
Plaintiff alleges that defendant is in breach of a purchase order entered into by the parties on or about June 20, 2023, wherein plaintiff agreed to provide ship repair services for defendant, and now seeks payment for invoices due, plus costs.
On September 16, 2024, defendant filed its motion to dismiss with an initial return date of October 3, 2024. After plaintiff requested additional time to file opposition, the parties stipulated three times to extend the deadline for opposition and reply papers to November 7, [*2]2024, and November 14, 2024 (NYSCEF Docs. 14-15); then to December 7, 2024, and December 14, 2024 (NYSCEF Doc. 16); and finally to January 6, 2025, and January 13, 2025 (NYSCEF Doc. 20). In a December 9, 2024 email, defendant's counsel clearly communicated to plaintiff's counsel that the third extension of the briefing schedule was "FINAL" (NYSCEF Doc. 29).
Plaintiff did not file opposition to the motion to dismiss by the stipulated January 6th deadline. On January 7, 2025, defendant filed its reply, arguing that its motion to dismiss "should be granted in full as Plaintiff has not filed any opposition, despite requesting three extensions to do so and having more than three months to respond to Defendant's motion" (NYSCEF Doc. 21 ¶ 2). Defendant contends that plaintiff's delay has caused prejudice and injury to its business because vendors and contractors have flagged this litigation as a potential issue, and defendant wants the case resolved as soon as possible (NYSCEF Doc. 21 ¶ 9). On January 7, 2025, the day after the deadline for opposition papers, plaintiff moved for a fourth extension of the briefing schedule, nunc pro tunc to February 14, 2025.
Motion for Extension of Briefing Schedule (Seq. 003)
CPLR § 2004 provides that "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." "In exercising its discretion, a court may consider such factors as the length of the delay, whether the opposing party has been prejudiced by the delay, and the reason given for the delay" (Bank of New York Mellon v Adam P10tch, LLC, 226 AD3d 497 [1st Dept 2024][internal citation omitted], lv dismissed 42 NY3d 1046 [2024]).
In support of its motion for an extension of time, plaintiff submits the affirmation of its counsel Jason Mizrahi, Esq. (NYSCEF Doc. 23). Mizrahi asserts good cause based on law office failure due to the briefing deadline being calendared for January 2024 instead of January 2025; and "extremely limited availability" the week of the filing deadline due to an "unforeseeable travel and religious obligation, occasioned by a bris milah" and an in-person settlement conference in Ulster County Supreme Court (NYSCEF Doc. 23 ¶¶ 8-12). Plaintiff also represents that it has consented to proceed with court-annexed mediation and "[t]he parties are optimistic that the referral to mediation will efficiently, and expeditiously, resolve the instant dispute, without further Court intervention" (NYSCEF Doc. 23 ¶¶ 13-14).
In opposition to plaintiff's motion, defendant argues that plaintiff has not shown good cause for a fourth extension of time to file its opposition to defendant's dismissal motion; that further delay will cause additional prejudice to defendant; and that plaintiff has falsely suggested that defendant consented to proceed with court-annexed mediation when defense counsel has repeatedly communicated "[d]efendant does not consent to mediate this case in New York" (NYSCEF Doc. 25 ¶ 2). Defendant argues that if plaintiff's motion is granted, "combined with its earlier extensions, this request would extend Plaintiff's time to oppose a basic motion to dismiss by five months" (NYSCEF Doc. 25 ¶ 17). 
Defendant submits the affirmation of its Chief Financial Officer, Bruce Zaniol, who asserts that this pending case is harming defendant's business, insofar as potential vendors and contractors have flagged the suit as an issue in their potential business interactions (NYSCEF Doc. 24). Zaniol further states that this case is hampering defendant's ability to obtain a line of credit needed to purchase critical equipment, as its credit lender is not able to approve defendant's application until the case is resolved (id.). Defendant argues that plaintiff's [*3]suggestion that defendant consented to mediation is "frivolous" as defined in 22 NYCRR § 130-1.1(b) and requests that, in addition to denying plaintiff's motion, the Court award defendant its costs and reasonable attorneys' fees in opposing plaintiff's motion.
Upon the foregoing, plaintiff's motion for a fourth extension of time to oppose defendant's motion to dismiss is denied. Plaintiff has not established good cause for a further extension, where plaintiff has had several months to file its opposition, was on notice that the third extension was "FINAL," waited until after the passage of the deadline to even move for an extension, and where defendant has established prejudice from plaintiff's continued delay in opposing the motion to dismiss (see Tavarez v Ronad Holding Corp., 202 AD3d 423, 424 [1st Dept 2022]; cf. Lauren v Hotel Pennsylvania, 232 AD3d 473, 474 [1st Dept 2024]). In its discretion, the Court denies defendant's request for attorneys' fees and costs.
Motion to Dismiss (Seq. 001)
Lack of Personal Jurisdiction
Defendant argues that this action should be dismissed pursuant to CPLR § 3211(a)(8) because defendant is not subject to either general or specific personal jurisdiction in New York and has not been properly served (NYSCEF Doc. 4, Memo of Law at 4-9). 
Defendant states that it is a Massachusetts limited liability corporation with a principal place of business in Massachusetts, conducts all business exclusively out of its Boston shipyard, is not registered to do business in New York, and has no operations or personnel in New York (NYSCEF Doc. 5, Zaniol Affirm. ¶¶ 3-10; NYSCEF Doc. 7, Connors Affirm. ¶ 5; NYSCEF Doc. 4, Memo of Law at 4). Furthermore, the contract that plaintiff seeks to enforce called for plaintiff to perform work in Massachusetts on a ship that was docked in defendant's Boston shipyard (NYSCEF Doc. 4, Memo of Law at 5, 13-14). The only New York connection alleged in the complaint is Plaintiff's New York place of business (see Complaint at ¶ 6). As to service, defendant argues that plaintiff did not properly effectuate service pursuant to CPLR §§ 302 and 311-a or, alternatively, Limited Liability Company Law § 304. As indicated, plaintiff has not opposed the motion.
On a motion to dismiss pursuant to CPLR § 3211, the pleading is to be afforded a liberal construction, the facts as alleged in the complaint are deemed to be true, and the plaintiff is accorded the benefit of every possible favorable inference (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Allegations consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (Godfrey v Spano, 13 NY3d 358, 373 [2009]). 
CPLR § 3211(a)(8) provides for dismissal of an action based on the court's lack of personal jurisdiction over the defendant. Once the moving party establishes, prima facie, the merit of a motion under this provision, the party asserting jurisdiction has the burden of presenting sufficient evidence, through affidavits and relevant documents, to demonstrate jurisdiction (Fischbarg v Doucet, 9 NY3d 375, 381 at n. 5 [2007]; Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60, 73-74 [1st Dept 2024]; Coast to Coast Energy, Inc. v Gasarch, 149 AD3d 485, 486 [1st Dept 2017]).
"New York courts have general jurisdiction over a corporate defendant when the defendant is incorporated or has its principal place of business in New York, or, in an 'exceptional case,' when its ties to New York are so continuous and systematic as to render it essentially 'at home' in New York" (KPP III CCT LLC v Douglas Dev. Corp., 222 AD3d 408 [1st Dept 2023], citing Aybar v Aybar, 37 NY3d 274, 289 [2021]; Cruz v City of New York, 210 AD3d 523, 524 [1st Dept 2022]). Such contacts clearly are missing here.
Additionally, a "court may exercise specific personal jurisdiction over a nondomiciliary so long as two elements are satisfied: (1) the defendant must have conducted sufficient activities to have transacted business in the state and (2) the claims must arise from those transactions" (Matter of New York Asbestos Litigation, 212 AD3d 584, 586 [1st Dept 2023]). "The second step of the jurisdictional inquiry requires the existence of an articulable nexus or substantial relationship between the forum transaction and the claim asserted" (id.). "Although causation is not required, there must be at minimum, 'a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former'" (id. [citation omitted]). "In other words, jurisdiction will not be present 'where the relationship between the claim and transaction is too attenuated'" (id.). By this standard, defendant has further established that it is not subject to specific personal jurisdiction in New York.
Separately, for the reasons set forth in defendant's papers, the Court agrees defendant was not properly served with process (see NYSCEF Doc. 4, Memo of Law at 7-9; NYSCEF Doc. 7, Connors Affirm. at ¶¶ 14-18; NYSCEF Doc. 13, Affirm. of Service).
Dismissal Based on Documentary Evidence
To be entitled to dismissal under CPLR § 3211(a)(1), a defendant's documentary evidence must "utterly refute[] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of New York, 98 NY2d 314, 326 [2002]). 
Defendant argues that this action should be dismissed pursuant to CPLR §§ 3211(a)(1) for the additional reason that the parties' contract contains a mandatory forum selection clause conferring exclusive jurisdiction to Massachusetts courts (NYSCEF Doc. 4, Memo of Law at 9-10; NYSCEF Doc. 8, Terms and Conditions at ¶ 20.1). Specifically, the written terms and conditions incorporated into the parties' purchase order contain a forum selection clause whereby "[a]ny suit, action, or claim arising out of, related to, or brought in connection with this Agreement or negotiation, execution or performance of this Agreement or the services to be provided hereunder shall be brought and maintained in, and the parties consent to, the exclusive jurisdiction of: (a) the United Stated District Court for the District of Massachusetts, or the State or commonwealth courts of Suffolk County, Massachusetts, if Prime Contractor is Boston Ship Repair LLC" (NYSCEF Doc. 8, Terms and Conditions at ¶ 20.1). 
This documentary evidence conclusively demonstrates that the parties' contract contains an exclusive Massachusetts forum selection clause to which both parties expressly acceded in writing. Plaintiff, not having opposed the motion, failed to rebut the presumption of enforceability of the forum selection clause; and there is nothing in the record indicating that the clause is unreasonable, unjust, or invalid because of fraud or overreaching. As such, dismissal is warranted by its terms (see Kravitz v Chicken Soup for the Soul, LLC, 227 AD3d 500, 500-501 [1st Dept 2024]; Arya's Collection, Inc. v Brink's Global Servs., USA, Inc., 67 AD3d 525 [1st Dept 2009]). 
For the foregoing reasons, it is hereby
ORDERED that the original motion by plaintiff Zoey Paint Corp. for an extension of time to file opposition to defendant's motion to dismiss is WITHDRAWN by stipulation (motion seq. 002); and it is further
ORDERED that the second motion by plaintiff Zoey Paint Corp. for an extension of time to file opposition to defendant's motion to dismiss is DENIED (motion seq. 003); and it is further
ORDERED that the motion by defendant Boston Ship Repair, LLC to dismiss plaintiff's complaint is GRANTED, and this case is DISMISSED with prejudice (motion seq. 001); and it [*4]is further
ORDERED that within 20 days of entry, defendant shall serve a copy of this order with notice of entry on plaintiff and the Clerk of the Court; and it is further
ORDERED that the Clerk of the Court shall enter judgment in favor of defendant Boston Ship Repair, LLC, dismissing the claims made against them in this action, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs.
This constitutes the decision and order of the Court.
DATE 6/25/2025
ASHLEE CRAWFORD, J.S.C.

Footnotes

Footnote 1:Plaintiff's first motion to extend time was withdrawn by stipulation (NYSCEF Doc. 20 [motion seq. 002]).