McGuire v Roman Catholic Bishop of Springfield (2025 NY Slip Op 05154)

McGuire v Roman Catholic Bishop of Springfield

2025 NY Slip Op 05154

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Index No. 951104/21|Appeal No. 4724|Case No. 2024-05945|

[*1]Michael McGuire, Plaintiff-Respondent,
v
Roman Catholic Bishop of Springfield, etc., Defendant-Appellant, St. Joseph Parish et al., Defendants.

Feinberg, D'Avanzo & Gasbarro, LLP, Ossining (Jeffrey W. Gasbarro of counsel), for appellant.
Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered September 13, 2024, which denied the renewed motion of defendant Roman Catholic Bishop of Springfield, a Corporation Sole (RCBS) to dismiss the complaint for lack of personal jurisdiction and as barred by the Massachusetts Doctrine of Charitable Immunity, unanimously affirmed, without costs.
Plaintiff made a prima facie showing that RCBS is subject to personal jurisdiction under CPLR 302(a)(1), which provides that a court may exercise personal jurisdiction over any nondomiciliary who in person or through an agent transacts any business within the state. The statute requires "[p]urposeful activities," i.e., "those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (PC-16 Doe v Hill Regional Career High Sch., 223 AD3d 518 [1st Dept 2024] [internal quotation marks omitted]).
Plaintiff alleges that RCBS authorized a number of trips to New York, led by now deceased priests, as part of recruiting and preparing him for the priesthood. These trips constituted "purposeful activity," in New York, namely, an "act by which . . . defendant purposefully avails itself of the privilege of conducting activities" here (PC-16 Doe at 519 [internal quotation marks omitted]; see Edwardo v Roman Catholic Bishop of Providence, 579 F Supp 3d 456, 473 [SD NY 2022], affd 66 F4th 69 [2d Cir 2023]).
Additionally, plaintiff alleged sufficient facts to show a "substantial relationship between the transaction and the claim asserted" (Paterno v Laser Spine Inst., 24 NY3d 370, 376 [2014] [internal quotation marks omitted]), having alleged "at minimum, a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former" (Matter of New York Asbestos Litig., 212 AD3d 584, 586 [1st Dept 2023] [internal quotation marks omitted]). Plaintiff claims that during those trips to New York, he was sexually assaulted on numerous occasions. The allegations that RCBS did not provide adequate supervision and that it knew that one of the priests had previously assaulted plaintiff in Massachusetts and took no action, are arguably connected to its New York activity in authorizing the trips (see PC-16 Doe, 223 AD3dat 519).
The motion court also correctly found that the Massachusetts Doctrine of Charitable Immunity, which that state abolished 50 years ago, did not apply to defeat plaintiff's claims. RCBS is correct that the doctrine is a loss allocation rule that was not abolished until three years after the alleged abuse ended, and that both plaintiff and defendant were Massachusetts domiciliaries at the time of the abuse (see Neumeier v Kuehner, 31 NY2d 121, 128 [1972]). Nevertheless, application of that doctrine would be repugnant to the New York State public policy of providing sexually abused minors with an opportunity to seek justice, as explicitly codified in CPLR 214-g, the Child Victims Act (CVA) (compare New Schultz v Boy Scouts of Am., 65 NY2d 189 [1985] [decided prior to enactment of the CVA]). Thus, the doctrine of charitable immunity does not warrant dismissal of this action (see generally Brown & Brown, Inc. v Johnson, 25 NY3d 364 [2015]; Kilberg v Northeast Airlines, 9 NY2d 34 [1961]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025