SUMMARY ORDER
The plaintiffs Tobias and Gertrude Weiss (Mr. Weiss, a lawyer, appears for himself and for his wife Gertrude) attempt to assert a tort claim arising from the conduct of defendant El Al Israel Airlines (“El Al”) in “bumping” the Weisses from their scheduled flight to Israel from John F. Kennedy International Airport, i.e., refusing to seat them because of a full aircraft even though they were ticketed and had confirmed reservations on the flight. El Al asked the Weisses to return to the airport on two subsequent days, but ultimately failed to provide them with seats on a later flight. The district court ruled that this claim was preempted by section 105 of the Airline Deregulation Act (“ADA”), 49 U.S.C. § 41713(b)(1). The Weisses appeal this determination. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
“The district court’s determination regarding preemption is a conclusion of law, and we therefore review it de novo.” Drake v. Laboratory Corp. of Am. Holdings, 458 F.3d 48, 56 (2d Cir.2006).
ADA section 105 provides, inter alia, that a state “may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier.” 49 U.S.C. § 41713(b)(1). The parties agree that a common-law tort action is a “law, regulation, or other provision having the force and effect of law” within the meaning of the statute. Cf. Morales v. *485 Trans World Airlines, Inc., 504 U.S. 374, 386, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992)(common-law tort suits can be preempted by the ADA). The issue is therefore whether or not El Al’s treatment of the Weisses related to El Al’s “service.”
The plaintiffs base their claim on the rule adopted by the Ninth and Third Circuits to the effect that “service[s]” under section 105 means only air transportation. Charas v. Trans World Airlines, Inc., 160 F.3d 1259, 1266 (9th Cir.1998)(en banelfinterpreting “service” to refer only to “the provision of air transportation to and from various markets at various times”); Taj Mahal Travel, Inc. v. Delta Airlines Inc., 164 F.3d 186, 193-94 (3d Cir.1998) (similar). But in Air Transport Association of America, Inc. v. Cuomo, 520 F.3d 218 (2d Cir.2008) (“ATA”), we explicitly rejected that approach on the grounds that it was “inconsistent with the Supreme Court’s recent decision in Rowe [v. New Hampshire Motor Transp. Ass’n, — U.S. -, 128 S.Ct. 989, 169 L.Ed.2d 933 (2008), where] the Court necessarily defined ‘service’ to extend beyond prices, schedules, origins, and destinations.” ATA, 520 F.3d at 223. We therefore held “that requiring airlines to provide food, water, electricity, and restrooms to passengers during lengthy ground delays does relate to the service of an air carrier,” noting that a majority of the circuits had found the term “service” to “refer[ ] to the provision or anticipated provision of labor from the airline to its passengers and [to] encompassf ] matters such as boarding procedures, baggage handling, and food and drink.” Id.
The El A1 actions challenged by the plaintiffs related “to the provision or anticipated provision of labor from the airline” within the meaning of ATA. Though the plaintiffs were not ultimately seated on any El A1 flight, this circumstance was foreseen by the ATA court, as indicated by its use of the phrase “anticipated provision of labor” (emphasis added). Moreover, this case falls squarely within the rationale of ATA, which, relying on Rowe, stressed Congress’s “overarching goal” of “as-surfing] that transportation rates, routes, and services reflected maximum reliance on competitive market forces, thereby stimulating ... efficiency, innovation, and low prices.” ATA 520 F.3d at 222-23 (internal quotation marks and alteration omitted). Like an airline’s failure to provide food or water to passengers stranded on the runway (which was at issue in ATA, see ATA 520 F.3d at 220), the practice of “bumping,” although notoriously maddening to passengers, is a practice subject to competitive market forces. We therefore conclude that El Al’s actions related to the airline’s “service,” and that the plaintiffs’ tort claim is thus preempted by section 105 of the ADA so that any limitations on the practice of which the plaintiffs complain must be imposed by the federal government and not the state.
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.