Okoroafor v Emirates Airlines (2021 NY Slip Op 03994)





Okoroafor v Emirates Airlines


2021 NY Slip Op 03994


Decided on June 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 22, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Mendez, JJ. 


Index No. 657110/19 Appeal No. 14100 Case No. 2020-03109 

[*1]Kyrian Okoroafor, etc., Plaintiff-Appellant,
v
Emirates Airlines, Defendant-Respondent.


Law Offices of K.C. Okoli, P.C., New York (Kenechukwu Okoli of counsel), for appellant.
Clyde & Co US LLP, New York (Andrew J. Harakas of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about June 18, 2020, which granted the motion of defendant Emirates Airlines (Emirates) to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff failed to show that Emirates is domiciled in New York or otherwise essentially 'at home' so as to confer general personal jurisdiction over Emirates under CPLR 301 (see IMAX Corp. v Essel Group, 154 AD3d 464, 465-466 [1st Dept 2017]; see also Reich v Lopez, 858 F3d 55, 63 [2d Cir 2017], cert denied US , 138 S Ct 282 [2017]). Emirates is headquartered and has its principal place of business in Dubai, UAE, and it operates flights internationally serving 156 airports in 84 countries. Although Emirates has an office in New York County, it cannot be said that Emirates is essentially 'at home' in New York so as to support general jurisdiction (see Daimler AG v Bauman, 571 US 117 [2014]). Moreover, Emirates' registration to do business in New York does not constitute consent to submit to general jurisdiction in New York for causes of action that are unrelated to its affiliation with New York (Fekah v Baker Hughes Inc., 176 AD3d 527, 528 [1st Dept 2019]; see also Aybar v Aybar, 169 AD3d 137, 152 [2d Dept 2019], lv dismissed, 33 NY3d 1044 [2019], and lv granted, 34 NY3d 905 [2019]).
Further, plaintiff's action is barred by the Montreal Convention on the Unification of Certain Rules of International Carriage by Air, which preempts all state law claims within the Convention's scope (see Paradis v Ghana Airways Ltd., 348 F Supp 2d 106, 110-111 [SD NY 2004], affd 194 Fed Appx 5 [2d Cir 2006]). Plaintiff's claims are essentially for delay, which are covered by article 19 of the Montreal Convention (see Paradis, 348 F Supp 2d at 112). Moreover, because Emirates ultimately transported plaintiff to Newark, plaintiff failed to allege complete nonperformance of a contractual obligation (see Weiss v El Al Israel Airlines, Ltd., 433 F Supp 2d 361, 366 [SD NY 2006], affd 309 Fed Appx 483 [2d Cir 2009], cert denied 557 US 904 [2009]).
In view of the foregoing, we need not consider the remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2021