Grosso v Cy Twombly Found. (2025 NY Slip Op 02007)

Grosso v Cy Twombly Found.

2025 NY Slip Op 02007

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Webber, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 155762/22|Appeal No. 4024|Case No. 2024-03793|

[*1]Pier Franco Grosso, Plaintiff-Appellant,
v
Cy Twombly Foundation, et al., Defendants-Respondents.

Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for appellant.
Dentons US LLP, New York (Justin N. Kattan of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered June 3, 2024, which granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
This appeal concerns the disputed authenticity of a painting (the Work) by the artist Cy Twombly who died in 2011.
Defendant Cy Twombly Foundation (the Foundation) is a nonprofit organization with offices in Italy and New York City, whose mission includes fostering the study and preservation of Twombly's works. Defendant Nicola Del Roscio is the president of the Foundation. According to Del Roscio, he is a resident of Italy who works from the Foundation's offices in Italy and does not reside or work in New York. Defendant Baum served as the Foundation's outside counsel and Secretary from 2014 to 2024 and resides in New York.
Plaintiff contends that his father purchased works of art, including the Work, from Twombly in the 1960s. He states that he ultimately acquired the Work from his father. According to plaintiff, Twombly, who was a personal friend, saw the Work at plaintiff's residence and did not question its authenticity.
Plaintiff filed this action in July 2022 alleging seven causes of action. The gravamen of plaintiff's claims is that defendants engaged in various actions which led to the cancellation of his consignment of the Work with an auction house in New York.
Defendants moved to dismiss the complaint in September 2022. Del Roscio moved to dismiss individually under CPLR 3211(a)(8) for lack of personal jurisdiction. Separately, the Foundation and Baum moved to dismiss under CPLR 3211(a)(1), (5), and (7) on the grounds that the claims against them were either time-barred or had failed to state a claim. Supreme Court granted defendants' motions in their entirety.
Supreme Court properly found that defendant Del Roscio, the president of defendant Cy Twombly Foundation, was not individually subject to either general or specific jurisdiction in New York (see Okoroafor v Emirates Airlines, 195 AD3d 540, 540 [1st Dept 2021], lv denied 37 NY3d 919 [2022]; see also IMAX Corp. v Essel Group, 154 AD3d 464, 465-466 [1st Dept 2017]). The record indicates that Del Roscio lives in Italy, performs his work for the Foundation from Italy, and has not visited New York since 2020.
It is well settled that speculative assertions are not sufficient to defeat a motion to dismiss based on lack of jurisdiction (see e.g. Breakaway Courier Corp. v Berkshire Hathaway, Inc., 192 AD3d 501, 501-502 [1st Dept 2021], lv denied 37 NY3d 916 [2021]; Coast to Coast Energy v Gasarch, 149 AD3d 485, 487 [1st Dept 2017]), and thus the court need not have given weight to plaintiff's speculation that Del Roscio must have conducted business in New York and possibly attended Twombly exhibitions in New York. Furthermore, plaintiff's arguments ignore that a nondomiciliary "does not subject himself, individually, to the CPLR 301 jurisdiction of our courts . . . unless he is doing business [*2]in our State individually," as opposed to the business he is conducting on behalf of a corporation (Laufer v Ostrow, 55 NY2d 305, 313 [1982]). Plaintiff's conclusory assertions that Del Roscio is subject to general jurisdiction in New York as the Foundation's alter ego are unavailing.
Supreme Court also properly dismissed the claims against the Foundation and Baum on the basis that each claim was time-barred and/or failed to state a cause of action. Both the fraud and negligent misrepresentation claims were based on defendants' purported false authentication of the work in 2011 and defendants' failure to include it in the Catalogue RaisonnÉ in 2013. These claims must be brought within the greater of six years from the date of the fraud or within two years from the time a plaintiff discovered, or with reasonable diligence could have discovered the fraud (see e.g. MBI Intl. Holdings Inc. v Barclays Bank PLC, 151 AD3d 108, 114 [1st Dept 2017], lv denied 29 NY3d 919 [2017]). Plaintiff does not dispute that he knew in 2013 —nine years before this case was filed — that the relevant volume of the Catalogue RaisonnÉ was published without including the work, which was contrary to defendants' alleged promise. Thus, plaintiff's claims were untimely when he brought them in 2022 because he was at least on inquiry notice of defendants' purported fraud and misrepresentations, which is when the statute of limitations began to run (see e.g. Aozora Bank, Ltd. v Credit Suisse Group., 144 AD3d 437, 438-439 [1st Dept 2016], lv denied 28 NY3d 914 [2017]).
With respect to the tortious interference claim, Supreme Court properly concluded that the cause of action accrued in 2019, when defendants made the statements to the gallery regarding the purported inauthenticity of the work (see e.g. Bandler v DeYonker, 174 AD3d 461 [1st Dept 2019]). However, the court improperly concluded that the tortious interference claim was based on defamatory statements, and thus subject to a one-year limitations period (see e.g. Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47-48 [1st Dept 2009], lv dismissed in part, denied in part 14 NY3d 736 [2009]). The tortious interference claim was premised on defendants' alleged interference with the consignment agreement — not mere "reputational harm" (id. at 48). Regardless, plaintiff failed to allege facts sufficient to state a claim for tortious interference with contract, which, among other things, requires that defendants' statements were made "without justification" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]). Plaintiff admitted that the inclusion of a work of art in the catalogue RaisonnÉ "is accepted in the art community as evidence of its authenticity and genuineness. Thus, there is no basis for reinstating the tortious interference claim.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST [*3]DEPARTMENT.
ENTERED: April 3, 2025