First Trinity Life Ins. Co. v Advance Funding LLC (2025 NY Slip Op 03133)

First Trinity Life Ins. Co. v Advance Funding LLC

2025 NY Slip Op 03133

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Webber, J.P., Moulton, Friedman, Gesmer, Michael, JJ. 

Index No. 652780/20|Appeal No. 4430|Case No. 2024-01839|

[*1]First Trinity Life Insurance Company, Plaintiff-Respondent,
v
Advance Funding LLC, et al, Defendants, Monica L. Ray, Defendant-Appellant.

Koffsky Schwalb LLC, New York (Steven A. Weg of counsel), for appellant.
Moritt Hock & Hamroff LLP, Garden City (Danielle J. Marlow of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered February 9, 2024, which denied defendant Monica L. Ray's motion for summary judgment dismissing the complaint as against her, unanimously modified, on the law, to dismiss the cause of action for unjust enrichment as against Ray, and otherwise affirmed, without costs.
Supreme Court properly found that it had personal jurisdiction over Ray under New York's long-arm statute, as the second amended complaint alleges that she engaged in purposeful actions directed at New York and that her actions substantially related to plaintiff's claims (see CPLR 302[a][1]; Deutsche Bank Sec., Inc. v Montana Bd. of Invs., 7 NY3d 65, 71 [2006]). Although an employee "acting on behalf of his employer does not create jurisdiction upon the employee individually" (see e.g. Laufer v Ostrow, 55 NY2d 305, 313 [1982]; Grosso v Cy Twombly Found., — AD3d —, 2025 NY Slip Op 02007, *1 [1st Dept 2025]), the record supports a finding that Ray was acting in her individual capacity as part of the fraudulent scheme, and not simply conducting business on behalf of defendant Advance Funding, LLC. If it is true, as plaintiff alleges, that Ray knowingly sent a fake wire transfer to plaintiff in an effort to fraudulently induce the underlying transaction, she would not have been conducting legitimate business on behalf of the corporation. Furthermore, the transaction at issue was specifically tied to New York. Ray allegedly consented to and benefitted from that transaction, and it is uncontested that she was paid for the services she undertook on behalf of Advance Funding.
Supreme Court also properly denied Ray's motion with respect to the fraud cause of action. At a minimum, there are factual issues surrounding whether she made a material misrepresentation of fact with knowledge as to its falsity, and whether plaintiff relied on the representation and on the allegedly fraudulent wire transfer documentation (see e.g. Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). With respect to the underlying transaction, plaintiff requested confirmation that the lottery winner had been paid in full by Advance Funding. In response, Ray provided a copy of a check that was issued to the winner and a purported wire transfer in the amount of $335,000, which was later discovered to be a fraud. Ray also represented that the winner had been fully paid, and in fact that he had been overfunded by $10,000. Although Ray asserts that she had no idea that the wire transfer was fraudulent, this assertion merely raises an issue of fact as to Ray's credibility that cannot be properly resolved on the summary judgment motion.
Similarly, the record presents at least some factual issues regarding whether plaintiff's reliance on the fraudulent wire transfer was reasonable. As Ray concedes, she provided Trinity with a closing binder containing more than 20 documents. The record shows that Trinity reviewed the relevant documents[*2], asked questions, and even requested written confirmation from Advance Funding regarding the accuracy of its representations. In response, Ray provided Trinity with the fraudulent wire transfer and her own assurances that the lottery winner had actually been paid more than he was owed. Trinity was entitled to rely on these representations (see DDJ Mgmt., LLC v Rhone Group LLC, 15 NY3d 147, 156 [2010]).
However, Supreme Court should have dismissed the cause of action for unjust enrichment, as there is a valid contract in place and it covers the subject matter of the dispute (see Board of Managers of 15 Union Square W. Condo. v Azogui, 220 AD3d 405, 405 [1st Dept 2023]). This conclusion holds true even though Ray is not a signatory to the contract, as the prohibition against quasi-contractual claims in the face of an express contract applies not only to the contracting parties, but to noncontracting parties as well (see Dragons 516 Ltd. v GDC, 138 E 50 LLC, 201 AD3d 463, 464 [1st Dept 2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025