Chao Jiang v Ping An Ins. (2020 NY Slip Op 00366)





Chao Jiang v Ping An Ins.


2020 NY Slip Op 00366


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


10806N 652260/15

[*1] Chao Jiang, Plaintiff-Respondent,
v
Ping An Insurance, etc., et al., Defendants, Huatai Insurance Group of China, etc., et al., Defendants-Appellants.


Hinshaw & Culbertson LLP, New York (Concepcion A. Montoya of counsel), for appellants.
Mandel Bhandari LLP, New York (Rishi Bhandari of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered December 7, 2018, which, to the extent appealed from as limited by the briefs, denied defendants' cross motion to dismiss the complaint as against them for lack of personal jurisdiction, granted plaintiff's motion to compel defendant Huatai Insurance Group of China (Huatai Group) to procure a license to do an insurance business in New York or to post a bond in the amount of $2.5 million pursuant to New York Insurance Law § 1213(c) before the remainder of the cross motion will be considered, held the remainder of the cross motion in abeyance pending compliance with New York Insurance Law § 1213, and held plaintiff's motion to compel defendants Huatai Insurance Company of China Limited (Huatai Limited) and Huatai Property and Casualty Insurance Company Limited (Huatai P & C) to comply with the requirements of Insurance Law 1213(c) in abeyance pending a hearing as to personal jurisdiction of and service on those parties, unanimously affirmed, with costs.
Huatai Group waived any objection to jurisdiction by appearing by notice of pro hac vice admission in this dispute, failing, twice, to file timely pre-answer motions to dismiss, and defending on the merits (see American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180 [2d Dept 2017]; see also U.S. Bank N.A. v Pepe, 161 AD3d 811 [2d Dept 2018]; Capital One Bank, N.A. v Faracco, 149 AD3d 590 [1st Dept 2017]). Pro hac vice admission is akin to an appearance (see Marina Dist. Dev. Co., LLC v Toledano, 174 AD3d 431, 432-433 [1st Dept 2019], citing Arrowhead Capital Fin., Ltd. v Cheyne Specialty Fin. Fund L.P., 32 NY3d 645 [2019]). Even if, as defendants contend, granting pro hac vice admission is a ministerial act, Huatai Group waived any objection to jurisdiction by failing to timely challenge it in an answer or a pre-answer motion to dismiss in accordance with the CPLR, as well as by defending on the merits (see Rubino v City of New York, 145 AD2d 285, 288 [1st Dept 1989]; Braman v Braman, 236 App Div 164, 167 [1st Dept 1932]).
The court correctly ordered a traverse hearing as to Huatai Limited and Huatai P & C as to service of process and personal jurisdiction (see C. Mahendra (NY), LLC v National Gold & Diamond Ctr., Inc., 125 AD3d 454, 457 [1st Dept 2015]; Armada Supply Inc. v Wright, 858 F2d 842, 849 [2d Cir 1988]; Caronia v American Reliable Ins. Co., 999 F Supp 299, 303 [ED NY 1998]).
In addition to the above-cited jurisdictional requirement, Insurance Law § 1213(c) requires an "unauthorized foreign or alien insurer" to post a bond before filing "any pleading" in a proceeding against it. On this record the court appropriately imposed a bond requirement upon Huatai Group (see Levin v Intercontinental Cas. Ins. Co., 95 NY2d 523, 528 [2000]) and held in abeyance defendants' cross motion as to the insurance policy's choice of law and dispute [*2]resolution clauses pending Huatai Group's compliance with Insurance Law § 1213(c).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK