Breakaway Courier Corp. v Berkshire Hathaway, Inc. (2021 NY Slip Op 01503)





Breakaway Courier Corp. v Berkshire Hathaway, Inc.


2021 NY Slip Op 01503


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 654806/16 652316/17 652702/17 Appeal No. 13370N-13370NA Case No. 2020-1480 2020-1481 2020-1482 

[*1]Breakaway Courier Corporation, Doing Business as Breakaway Courier Systems et al., Plaintiffs-Appellants,
v
Berkshire Hathaway, Inc., Defendant-Respondent. California Reinsurance Company et al., Defendants.


Carcich O'Shea, LLC, New City (Christopher J. Carcich of counsel), for Breakaway Courier Corporation, appellant.
Dunnington Bartholow & Miller LLP, New York (Raymond J. Dowd of counsel), for Current Lighting & Electric, Inc., Mas Electrical Maintenance, LLC, First Quality Maintenance II, LLC and Alternative Fuels Transportation, Inc., appellants.
Clyde & Co US LLP, New York (Michael A. Knoerzer of counsel), for respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 27, 2019, which granted defendant Berkshire Hathaway Inc.'s (BHI) motion to dismiss the first amended complaints as against it for lack of personal jurisdiction (CPLR 3211[a][8]), denied plaintiffs' cross motions to obtain jurisdictional discovery pursuant to CPLR 3211(d), and denied as moot their request that BHI post pre-answer security pursuant to Insurance Law § 1213(c), unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 1, 2020, which denied plaintiffs' motions for leave to reargue BHI's motion to dismiss, unanimously dismissed, without costs, as taken from a nonappealable order.
Plaintiffs failed to present evidence demonstrating that the court may exercise personal jurisdiction over BHI pursuant to Insurance Law § 1509 or § 1213 or CPLR 302 (see Coast to Coast Energy, Inc. v Gasarch, 149 AD3d 485 [1st Dept 2017]; HBK Master Fund L.P. v Troika Dialog USA, Inc., 85 AD3d 665, 666 [1st Dept 2011] ["Plaintiffs made a 'sufficient start' in demonstrating that the Russian defendants were doing business in New York through their direct or indirect subsidiaries to warrant further discovery on the issue of personal jurisdiction"]). For example, they claim that "[t]he actions of AUI, CGI and AUCRA, all BHI subsidiaries, were sufficient to impose personal jurisdiction over BHI as a matter of law" and that "numerous regulatory filings show[] BHI's control over, guarantee of, and profit from the RPA [Reinsurance Participation Agreement] scheme." However, the documents to which they cite that refer to ARS and ARS Insurance Agency as "insurance agents" do not show that they were agents of BHI. Similarly, AUI's violations of the Insurance Law establish nothing about BHI. Plaintiffs assert that certain subsidiaries siphoned funds to BHI and that funds were transferred to CGI and then passed on to BHI shareholders, but their sole citation in support is to their own pleadings. They assert conclusorily that CGI is a "pure captive" owned by BHI; they simply speculate that letters of credit issued to CGI must have been issued by BHI.
Plaintiffs failed to establish a basis for long-arm jurisdiction on the ground of BHI's purported dominion and control over certain subsidiaries (the Applied Defendants). The overlap of certain directors or other officers of BHI and its subsidiaries is but one factor in the analysis of whether these subsidiaries should, as plaintiffs contend, be considered a "mere department" of BHI. Plaintiffs submitted no evidence, for instance, that BHI interfered in the selection and assignment of subsidiaries' personnel, exercised control over the subsidiaries' marketing and operational policies or that the subsidiaries were financially dependent on BHI (see Wolberg v IAI N. Am., Inc., 161 AD3d 468 [1st Dept 2018]; Volkswagenwerk Aktiengesellschaft v Beech Aircraft Corp., 751 F2d 117, 121-122 [2d Cir 1984]). They assert conclusorily [*2]that BHI issued "parental guarantees" to the Applied Defendants in New York, but the guarantee to which they cite bears no relationship to the transactions at issue (see CPLR 302[a][1]).
Plaintiffs contend that BHI collects monthly insurance premiums from RPA Plan Participants, but the document on which they rely, Notes to AUCRA's 2016 Financial Statements, was subsequently corrected to state that the transfers were made to Applied Risk Services, Inc., not BHI, as explained in the Ahern Affidavit. Plaintiffs offer no basis for questioning the representations made in the document that effected the correction or in the Ahern Affidavit.
The interrogatory responses on which plaintiffs rely, in which AUCRA stated that it does not carry catastrophe reinsurance protection because of BHI's financial strength, shed no light on whether BHI was involved in AUCRA's business in New York. Similarly, the responses stating that BHI manages AUCRA's assets are not probative of BHI's activities in New York. Moreover, the document shows that the assets are also managed by AUCRA Vice President Robert Stafford.
Plaintiffs refer to "bank records" that show that BHI profited from the alleged fraudulent scheme, but they cite no specific records, and in their reply brief to this Court, they suggest that they have yet to find such records and had hoped to find them in jurisdictional discovery.
The use of the "Berkshire Hathaway" name in proposals, even if BHI knowingly allowed the use of its name, logo, and the like in such materials, is insufficient to show jurisdiction, particularly since the documents otherwise made clear that the insurance was issued by affiliates of AUI.
With respect to plaintiffs' request that BHI post pre-answer security pursuant to Insurance Law § 1213(c), BHI's argument that the court lacked personal jurisdiction over it was based on the contention that it did not commit "any act enumerated in [Insurance Law § 1213(b)(1)]" (Insurance Law § 1213[c][3]; see Levin v Intercontinental Cas. Ins. Co., 95 NY2d 523, 527 [2000]). Accordingly, we find that BHI is exempt from the requirement to post such security.
No appeal lies from the denial of reargument (Calloway v Calloway, 304 AD2d 355 [1st Dept 2003]).
We have considered plaintiffs' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021