HMC Assets, LLC v Trick (2021 NY Slip Op 06082)





HMC Assets, LLC v Trick


2021 NY Slip Op 06082


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Index No. 35614/15 Appeal No. 14568 Case No. 2019-2591, 2019-21111 

[*1]HMC Assets, LLC, Solely in its Capacity as Separate Trustee of CAM XV Trust, Plaintiff-Respondent,
v
Robert Trick Also Known as Robert T. Trick, Defendant-Appellant, E*Trade Bank, et al., Defendants.


Michael Kennedy Karlson, New York, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford (John E. Brigandi of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.)., entered on or about January 8, 2019, which denied defendant Robert Trick's motion to vacate the default judgment that was entered against him, unanimously affirmed, without costs.
While parties moving for vacatur under CPLR 5015(a)(1) are required to show an excusable default and meritorious defense, this is not a requirement where, as here, a jurisdictional motion to vacate is made under CPLR 5015(a)(4) (Bank v Hudson Produce, Inc., 161 AD3d 573 [1st Dept 2018]).
Defendant's motion to vacate was properly denied because he failed to meet his burden of showing improper service or the court's lack of jurisdiction. An affidavit of service attesting to personal service upon a defendant constitutes prima facie evidence of proper service, and a defendant's conclusory denial of such service is insufficient to rebut this showing (Wells Fargo Bank, N.A. v Njoku, 148 AD3d 438 [1st Dept 2017]). Further, to warrant a traverse hearing, a defendant must submit a "sworn[,] nonconclusory denial of service . . . to dispute the veracity or content of the affidavit" (NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459, 460 [1st Dept 2004]). Defendant has not done so on this motion. Instead, defendant submits affidavits from March of 2016 whereby he and his sister denied receipt of notice of a hearing before the court in April of 2016. Nevertheless, defendant does not attempt to explain how these affidavits are relevant to the issue of service or the court's jurisdiction.
We also find that defendant has waived any jurisdictional objections that he might have once had. A defendant can waive "any objection to jurisdiction by failing to timely challenge it in an answer or a pre-answer motion to dismiss in accordance with the CPLR, as well as by defending on the merits" (Chao Jiang v Ping An Ins., 179 AD3d 517, 518 [1st Dept 2020]). Defendant failed to answer the complaint or to properly submit a dismissal motion for more than three years. The underlying facts support a finding that he waived any challenge to the court's jurisdiction based on defective service of process. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021